UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 10-46834 |
| MIDWEST THEATRES CORPORATION, | Chapter 11 |
| Debtor. | |

NOTICE OF EXPEDITED HEARING AND MOTION FOR ORDER
AUTHORIZING DEBTOR IN POSSESSION TO PAY WAGES,
SALARIES AND BENEFIT EXPENSES

TO:    The entities specified in Local Rule 9013-3

1. Midwest Theatres Corporation ("Debtor"), through its undersigned attorneys, move the Court (the "Motion") for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this Motion at **11:00 a.m. on September 17, 2010**, before Chief Judge Nancy C. Dreher, Courtroom 7W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Any response to this Motion must be filed and served prior to the hearing. **Unless a response opposing the motion is timely filed, the Court may grant the Motion without a hearing.**

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on September 14, 2010 (the "Petition Date"). The case is now pending before this Court.

5. This Motion arises under 11 U.S.C. §§105(a), 363, 1107 and 1108. This Motion is filed under Fed.R.Bankr. 9014 and Local Rules 9013-1 through 9013-3. The Debtor requests an order authorizing payment of wages, salaries and related benefit expenses.

**FACTUAL BACKGROUND**

6. The Debtor operates nine movie theatre cineplexes (91 screens) under the name CineMagic Theatres. The theatre cineplexes are located in Okoboji, Iowa, Menomonie, Wisconsin and Rochester (2), Austin, St. Peter, Hutchinson, Burnsville and St. Michael, Minnesota. The real estate and theatre buildings in Austin, Rochester and Burnsville are owned by unrelated parties and leased to the Debtor. The real estate and theatre buildings for the remaining cineplexes are owned by Cinema 1, LLP or Cinema 2, LLC, both affiliates of the Debtor. The Debtor's annual revenues for the years ending 12/31/08 and 12/31/09 were $13,970,000 and $16,421,000 respectively. The Debtor presently has 271 employees.

7. The Debtor's chapter 11 filing was precipitated by foreclosure and collection action commenced by United Bankers Bank ("UBB"). The Debtor, as guarantor of the Cinema 2, LLC mortgage note obligation, is indebted to UBB in the present amount of approximately $8.6 million. The Debtor leases the St Michael property from Cinema 2, LLC and operates the Met 15 Cineplex from the leased premises. Debtor owns the land which comprises 60% of the Met 15 Cineplex parking lot and all furniture, fixtures and equipment used to operate the Met 15 Cineplex including screens, seating, projection equipment, sound systems and concession equipment.

8. The Debtor has suffered substantial losses during the past three years. Debtor intends to restructure its secured and unsecured debt and to propose and confirm a plan of reorganization which provides for continued management of some or all of its cineplexes.

**EMPLOYEE OBLIGATIONS**

9. Prior to the Petition Date, Debtor employed 271 employees in various customer service, management, sales and administrative positions (collectively, the "Employees"). The

Debtor anticipates that it will retain its workforce as the Debtor deems necessary to its reorganization.

10. Debtor pays its Employees twice monthly 5 business days in arrears such that each pay period ends on the 15th and the last day of each month and is paid approximately 7 days later. The Debtor's last payroll period ended on August 31, 2010, and was paid September 7, 2010. The Debtor's current payroll period ends September 15, 2010. The estimated accrued and unpaid employee wages liability as of the Petition Date is $66,000 payable to employees on September 22, 2010. Employee and company wage withholding and payroll tax liabilities of $6,350 will be payable to governmental authorities on September 28, 2010. The obligations referenced herein, including accrued wages are collectively referred to as "Prepetition Compensation".

11. The Debtor estimates that the unpaid Prepetition Compensation, excluding Company employment taxes, that has been earned prior to the Petition Date will be approximately $66,000. Debtor seeks authority to pay up to $66,000 in cash pursuant to this order which will permit Debtor to meet its estimated Prepetition Compensation obligations.

12. No Employee will be paid cash in excess of $10,950.00 in the aggregate on account of Prepetition Compensation.

13. The continued and uninterrupted service of the Employees is critical to the Debtor's ability to continue as an ongoing concern and to reorganize.

14. The Debtor seeks expedited relief by this Motion because any delay in making payments described herein will severely damage the Debtor's relationship with its Employees. If the relief requested herein is not granted, the Employees will suffer great hardship and financial difficulties. If the payments are not made, the Debtor believes a number of the Employees will

seek other employment and the Debtor will suffer immediate and irreparable harm. Unless the relief requested is granted, the Debtor may be deprived of the opportunity to reorganize.

15. It is in the best interests of the Debtor and its creditors that the Court authorizes the payments described herein to avoid hardship to the Employees and also to maintain and preserve the viability of the Debtor's ongoing business.

## WITNESSES

16. Debtor reserves the right, if necessary, to offer the testimony of Bryan Sieve, the Chief Financial Officer of Debtor, in support of the Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing, but not requiring, the Debtor to pay the Prepetition Compensation to the Employees in an aggregate amount not to exceed $66,000 (gross wages less payroll taxes) and, not to exceed $10,950 in the aggregate to any one individual together with related prepetition employment taxes in an amount not to exceed $6,350.

Dated: September 15, 2010                         RAVICH MEYER KIRKMAN McGRATH
                                                  NAUMAN & TANSEY,
                                                  A PROFESSIONAL ASSOCIATION


                                                  By /e/ Michael F. McGrath #168610
                                                         Will R. Tansey #323056

                                                  4545 IDS Center
                                                  80 South Eighth Street
                                                  Minneapolis, MN 55402
                                                  Telephone:   (612) 332-8511
                                                  Facsimile:   (612) 332-8302

                                                  ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Bryan Sieve, the Chief Financial Officer of Debtor, declare under penalty of perjury that the facts set forth in the foregoing Notice of Expedited Hearing and Motion for Order Authorizing Debtor in Possession to Pay Wages, Salaries and Benefit Expenses are true and correct according to the best of my knowledge, information and belief.

Executed on: September **15**, 2010

_____
Bryan Sieve

# EXHIBIT A

| | Wk Sep 13 | Wk Sep 19 | Wk Sep 26 | Wk Oct 3 | Wk Oct 10 | Wk Oct 17 | Wk Oct 24 | Wk Oct 31 | Wk Nov 7 | Wk Nov 14 | Wk Nov 21 | Wk Nov 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **6340 · Wages** | | | | | | | | | | | | |
| 6340-01 · Gen Mgr Wages (Theatre) | 0 | 9,764 | 0 | 0 | 9,764 | 0 | 9,764 | 0 | 9,764 | 0 | 9,764 | 0 |
| 6340-03 · Asst. Mgr Wages (Theatre) | 0 | 11,650 | 0 | 0 | 11,650 | 0 | 11,650 | 0 | 11,675 | 0 | 12,375 | 0 |
| 6340-04 · Theatre Staff Wages (Theatre | 0 | 34,474 | 0 | 0 | 34,474 | 0 | 36,120 | 0 | 36,120 | 0 | 37,808 | 0 |
| 6340-05 · Bar Wages (Theatre) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6340-08 · Event Wages (Theatre) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6341-01 · Officer Wages (Corp.) | 0 | 8,333 | 0 | 0 | 8,333 | 0 | 8,333 | 0 | 8,333 | 0 | 8,333 | 0 |
| 6341-02 · Staff Wages (Corp.) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6341-03 · Sales & Marketing Wages | 0 | 1,000 | 0 | 0 | 1,000 | 0 | 1,000 | 0 | 1,000 | 0 | 1,000 | 0 |
| 6341-04 · Maintenance | 0 | 1,646 | 0 | 0 | 1,846 | 0 | 1,846 | 0 | 1,846 | 0 | 1,846 | 0 |
| 6341-05 · Security Wages | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6343-01 · VIC | 0 | 3,448 | 0 | 0 | 2,411 | 0 | 0 | 0 | 1,576 | 0 | 875 | 0 |
| 6344-02 · Bonuses | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6344-99 · Capitalizable Wages - Clearin | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 6340 · Wages - Other | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total 6340 · Wages** | 0 | 70,315 | 0 | 0 | 69,478 | 0 | 68,713 | 0 | 70,314 | 0 | 72,001 | 0 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Case No. 10-46834

MIDWEST THEATRES CORPORATION,         Chapter 11

       Debtor.

## MEMORANDUM OF LAW

Midwest Theatres Corporation ("Debtor"), through its undersigned attorneys, submits this Memorandum in support of its Motion for Order Authorizing Debtor in Possession to Pay Wages, Salaries and Benefit Expenses ("Motion"). A hearing has been scheduled to consider the motion on September 17, 2010.

## FACTUAL BACKGROUND

The factual support for the Debtor's motion and this memorandum is set forth in the verified motion. Capitalized terms used herein that are not defined are defined in the Motion.

## LEGAL ARGUMENT

Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the Debtor's Employees' claims for "wages, salaries, or commission, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date, and claims against the Debtor for contributions to Employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $10,950 per Employee.

11 U.S.C. §§ 507(a)(4) and 507(a)(5). Such amounts would normally be paid in full under a plan. Furthermore, section 363(b)(1) of the Bankruptcy Code provides, "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Court may authorize the use of Debtor's cash to pay these amounts because of the substantial benefit to the estate.

Section 105(a) of the Bankruptcy Code further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

As a general rule, a chapter 11 debtor is prohibited, outside of the plan confirmation process, from making payment of selected pre-petition claims. 11 U.S.C. § 549(a). Strict application of Section 549 may have disastrous consequences for the debtor and prematurely end the reorganization process. Where payment of pre-petition debt at the outset of a case is vital to the reorganization process, courts have exercised its discretionary powers under 11 U.S.C. § 105 and authorized a Debtor to pay selected pre-petition claims including wages, salaries and employee benefits which accrued in the days immediately preceding the bankruptcy filing. *See In re Eagle-Pitcher Industries, Inc.,* 124 B.R. 1021 (Bky S.D. Ohio 1991) (debtor authorized to pay pre-petition unsecured claims of key suppliers not otherwise entitled to priority treatment under Section 507); *In Re Ionosphere Clubs, Inc. and Eastern Airlines, Inc.,* 98 B.R. 174 (Bky. S.D.N.Y. 1989) (court authorized payment of pre-petition wages and benefits beyond § 507(a)(3) limit); *In re Gulf Air, Inc.,* 112 B.R. 152 (Bky W.D. La. 1989) (court applied "necessity of payment" doctrine and authorized payment of certain pre-petition employee related expenses

2

including wages, salary and employee benefits); *In re Chateauguay Corp,* 80 B.R. 279 (S.D.N.Y. 1987) (District Court affirmed the bankruptcy court order authorizing LTV Corp. to pay certain pre-petition wages and salaries, expense reimbursements, and employee benefits); *cf. see, Official Committee of Equity Security Holders v. Mabey,* 832 F.2d 299 (4th Cir. 1987); *In re FCX, Inc.,* 60 B.R. 405 (E.D.N.C. 1986). This court may exercise its discretionary powers under Section 105 and grant the relief requested herein if the court determines that such payments are in the best interest of creditors and necessary to a successful reorganization. *In re Gulf Air, Inc.,* 112 B.R. at 152.

Payment of pre-petition employee wage, salary, and benefit claims which accrued or arose prior to the Petition Date is necessary to the Debtor's ongoing reorganization efforts and is in the best interest of creditors. In order to proceed with an effective reorganization, the Debtor must maintain its employees. Management and employee continuity, performance and cooperation are essential to the Debtor's reorganization efforts. If the relief requested herein is not granted, the Debtor submits that it may lose the services of many of its employees on little or no notice. If this were to occur, the disruption and business interruption will cause immediate and irreparable harm to the Debtor and severely impair its reorganization efforts.

The Debtor requests authority to make payment of pre-petition wages, salaries and benefits which are entitled to priority treatment under 11 U.S.C. § 507(a).

Pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(d), the notice provisions of required by the Bankruptcy Code and Rules may be reduced for cause shown. Based upon the facts alleged in the Motion, cause exists to hear this Motion on an expedited basis. The relief sought herein is designed to ease Debtor's transition to chapter 11, and minimize disruptions to Debtor's business operations. Given the Debtor's critical need to continue its operations uninterrupted, the Court should reduce notice of the hearing on this matter.

## CONCLUSION

Debtor, through its undersigned attorneys, respectfully requests that its motion be granted and that it be authorized to pay pre-petition wages and salaries and employee benefits as set forth in the Motion.

| | |
|---|---|
| Dated:  September 15, 2010 | RAVICH MEYER KIRKMAN McGRATH NAUMAN & TANSEY, A PROFESSIONAL ASSOCIATION |
| | |
| | By /e/  Michael F. McGrath #168610 |
| |        Will R. Tansey #323056 |
| | 4545 IDS Center |
| | 80 South Eighth Street |
| | Minneapolis, MN 55402 |
| | Telephone:    (612) 332-8511 |
| | Facsimile:    (612) 332-8302 |
| | |
| | ATTORNEYS FOR DEBTOR |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                              Case No. 10-46834

MIDWEST THEATRES CORPORATION,                       Chapter 11

    Debtor.

## UNSWORN CERTIFICATE OF SERVICE

    I, Michael F. McGrath, declare under penalty of perjury that on September 15, 2010, copies of Debtor's:

1. Notice of Expedited Hearing and Motion for Order Authorizing Debtor in Possession to Pay Wages, Salaries and Benefit Expenses;

2. Memorandum of Law; and

3. Proposed Order Authorizing Debtor to Pay Wages, Salaries and Benefit Expenses;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated:  September 15, 2010                          /e/  Michael F. McGrath, #168610

MIDWEST THEATRES CORPORATION
C/O MICHAEL F. McGRATH, ESQ.
RAVICH MEYER KIRKMAN McGRATH NAUMAN
& TANSEY, PA
80 SOUTH EIGHTH STREET, SUITE 4545
MINNEAPOLIS, MN 55402

ELECTRONIC
SARAH J. WENCIL
OFFICE OF US TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

IRS DISTRICT COUNSEL
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
380 JACKSON STREET, SUITE 650
ST. PAUL, MN 55101-4804

INTERNAL REVENUE SERVICE
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
WELLS FARGO PLACE
30 E. SEVENTH STREET
MAIL STOP 5700
ST. PAUL, MN 55101

MN DEPARTMENT OF REVENUE
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
PO BOX 64447
ST. PAUL, MN 55164

US ATTORNEY
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
600 US COURTHOUSE
300 S. FOURTH STREET
MINNEAPOLIS, MN 55415

MINNESOTA DEPARTMENT OF REVENUE
C/O SALES & USE TAX PROCESSING
PO BOX 64622
ST. PAUL, MN 55164-0622

ELECTRONIC
ANDREW P. MORATZKA, ESQ.
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T TOWER
901 MARQUETTE AVENUE
MINNEAPOLIS, MN 55402

ELECTRONIC
FIRST MINNESOTA BANK
C/O KAARIN K. FOEDE, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

ELECTRONIC
FIRST MINNESOTA BANK
C/O R. LAWRENCE HARRIS, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

ELECTRONIC
FIRST MINNESOTA BANK
C/O THOMAS W. LARKIN, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

FEDERAL EXPRESS
NORTH SHORE BANK
15700W. BLUEMOUND ROAD
BROOKFIELD, WI 53005

ELECTRONIC
DENNIS M. RYAN, ESQ.
FAEGRE & BENSON, LLP
90 S. SEVENTH STREET, SUITE 2200
MINNEAPOLIS, MN 55402-3901

ELECTRONIC
THE BUSINESS BANK - UNITED COMMUNITY BANK
C/O JOSEPH W. LAWVER, ESQ.
MESSERLI & KRAMER PA
1800 FIFTH STREET TOWERS
150 S. FIFTH STREET
MINNEAPOLIS, MN 55402

ELECTRONIC
CITIZENS STATE BANK
ATTN: THOMAS VAN PELT
375 STAGELINE ROAD
HUDSON, WI 54016

ELECTRONIC
CITY OF ST. PETER
ATTN: TODD PRAFKE, CITY ADMINISTRATOR
227 S. FRONT STREET
ST. PETER, MN 56082-2513

ELECTRONIC
NICOLLET COUNTY BANK
C/O MICHAEL K. RILEY, ESQ.
MACKENZIE & GUSTAFSON, LTD.
326 MINNESOTA AVENUE S.
PO BOX 360
ST. PETER, MN 56082-0360

ELECTRONIC
ISTAR FINANCIAL INC.
ATTN: BARCLAY JONES
1114 AVENUE OF THE AMERICAS, 38TH FLOOR
NEW YORK, NY 10036

ELECTRONIC
MARK J. KALLA, ESQ.
DORSEY & WHITNEY, LLP
50 S. SIXTH STREET, SUITE 1500
MINNEAPOLIS, MN 55402

ELECTRONIC
GREGORY P. L. PIERCE, ESQ.
KATTEN MUCHIN ROSENMAN LLP
525 WEST MONROE STREET
CHICAGO, IL 60661-3693

ELECTRONIC
COLE CN ROCHESTER MN, LLC
ATTN: MARK SELMAN
2575 CAMBELBACK ROAD, SUITE 500
PHOENIX, AZ 85016

ELECTRONIC
JEFFREY WEGNER, ESQ.
KUTAK ROCK LLP
THE OMAHA BUILDING
1650 FARNAM STREET
OMAHA, NE 68102-2186

ELECTRONIC
CHATEAU THEATRES, INC.
ATTN: MARK STEEGE, CFO
7381 AIRPORT VIEW DRIVE SW, SUITE 300
ROCHESTER, MN 55902

ELECTRONIC
MOBILILARIO S.A. de C.V.
ATTN: OSVALDO ESCALANTE
CALLE DEL SOL NO. 3
SAN RAFAEL CHAMAPA
NAUCALPAN 53660

ELECTRONIC
BRIGHT STAR SYSTEMS CORPORATION
ATTN: MEL HOPLAND
27 WEST BUSINESS CENTER
7600 W. 27TH STREET, SUITE 223
MINNEAPOLIS, MN 55426

FEDERAL EXPRESS
STEVEN A. NERGER, ASSIGNEE FOR THE BENEFIT
OF CREDITORS OF CLARK PRODUCTS, INC.
AND CLARK FOODSERVICE, INC.
C/O DAVID C. GUSTMAN, ESQ./DEVON J. EGGERT
311 S. WACKER DRIVE, SUITE 3000
CHICAGO, IL 60606

FEDERAL EXPRESS
WARNER BROTHERS PICTURES
ATTN: RALPH ALBI
15821 VENTURA BLVD., SUITE 575
ENCINO, CA 91436

ELECTRONIC
BUENA VISTA PICTURES
ATTN: JEFF PRILL
WALT DISNEY STUDIOS MOTION PICTURES
500 SOUTH VUENA VISTA STREET
BURBANK, CA 91521-6170

ELECTRONIC
UNIVERSAL FILM EXCHANGES
ATTN: JAMES AGLIATA
3100 MCKINNON, SUITE 1150
DALLAS, TX 75201

ELECTRONIC
MARSHA A. HOUSTON, ESQ.
REED SMITH LLP
355 S. GRAND AVENUE, SUITE 2900
LOS ANGELES, CA 90071-1514

ELECTRONIC
BOELTER PRODUCTS, INC.
ATTN: ANDY AHRENS
N22 W23685 RIDGEVIEW PKWY
WEST WAULESHA, WI 53188-1013

ELECTRONIC
SONY PICTURES RELEASING
ATTN: JAMES WEISS
1300 EAST LOOKOUT DRIVE, SUITE 340A
RICHARDSON, TX 75082-4106

ELECTRONIC
PARAMOUNT PICTURES
ATTN: PAUL SPRINGER, SR VP & GENERAL COUNSEL
5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

ELECTRONIC
LIONSGATE ENTERTAINMENT
ATTN: ELLISSA FEDEROFF
75 ROCKEFELLER PLAZA, 16TH FL
NEW YORK, NY 10019

ELECTRONIC
TWENTIETH CENTURY FOX FILM CORPORATION
ATTN: DAVE HANSEN
1211 AVENUE OF THE AMERICAS, 16TH FL.
NEW YORK, NY 10036

ELECTRONIC
LAMBERT COMMERCIAL CONSTRUCTION
ATTN: STEVEN LAMBERT
14001 BURNHAVEN DRIVE
BURNSVILLE, MN 55306

ELECTRONIC
FRANKLIN DESIGNS, INC.
ATTN: REGINA SHIPMAN
208 INDUSTRIAL DRIVE
RIDGELAND, MS 39157

FEDERAL EXPRESS
TECHNICOLOR CREATIVE SERVICES
ATTN: TOM BRAKEN
6040 SUNSET BLVD.
LOS ANGELES, CA 90028

VIA FEDERAL EXPRESS
DELTA ENVIRONMENTAL CONSULTANTS, INC.
5910 RICE CREEK PARKWAY, SUITE 100
ST. PAUL, MN 55126

VIA FEDERAL EXPRESS
ENGELSMA CONSTRUCTION, INC.
7119 31ST AVENUE N.
NEW HOPE, MN 55427

September 15, 2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                          Case No. 10-46834

MIDWEST THEATRES CORPORATION,                                   Chapter 11

    Debtor.

---

**ORDER AUTHORIZING DEBTOR TO PAY WAGES,**
**SALARIES AND BENEFIT EXPENSES**

---

This case came on for hearing before the court upon Debtor's Motion for Expedited Hearing and an Order Authorizing the Debtor to Pay Wages, Salaries and Benefit Expenses, and it appearing that the relief requested is necessary to preserve the Debtor's ongoing operations, the Court finds that it is in the best interests of the Debtor's estate and their creditors and all parties in interest,

    **IT IS HEREBY ORDERED:**

    1.    The Debtor's Motion is granted.

    2.    The Debtor's request for expedited relief is granted.

    3.    The Debtor is authorized to pay to the Employees (as defined in the motion) not to exceed in any individual case the limitations contained in sections 507(a)(4) of the Bankruptcy Code, all wages, salaries, and payroll taxes incurred in the ordinary course of the debtor's businesses which had been earned, incurred or accrued prior to the commencement of the debtor's case by virtue of services rendered by the employees as defined in the motion, in an aggregate amount not to exceed $66,000 (gross wages less payroll taxes) and, not to

exceed $10,950 in the aggregate to any one individual together with related prepetition employment taxes in an amount not to exceed $6,350.

Dated:

                                      Nancy C. Dreher
                                      Chief United States Bankruptcy Judge