# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                Case No. 10-46834

MIDWEST THEATRES CORPORATION,                                         Chapter 11

    Debtor.

**DEBTOR'S RESPONSE IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY BROUGHT BY BRIGHT STAR SYSTEMS CORPORATION AND GRESSER COMPANIES, INC.**

1. Midwest Theatres Corporation ("Debtor") submits this response to the Motion for Relief from the Automatic Stay (the "Motion") brought by Bright Star Systems Corp. ("Bright Star") and Gresser Companies, Inc. ("Gresser") (collectively the "Movants").

2. The Movants commenced prepetition litigation in which they asserted mechanic's lien claims on real property located in Burnsville from which the Debtor, as a tenant, currently operates a cineplex (the "Property"). The Property is owned by MN Theatres 2006, LLC ("Landlord"). The Debtor leases the Property from Landlord pursuant to a 20 year lease dated as of November 22, 2006, as amended by that certain Amended and Restated Lease Agreement dated as of December 28, 2006, as further amended by that certain First Lease Amendment dated as of April 24, 2008, as further amended by that Second Lease Amendment dated as of December 23, 2008, and as further amended by that certain Side Letter to Lease dated as of January 14, 2010 (the "Lease"). A true and correct copy of the Lease is attached to Movants' Motion as Exhibit 5.

3. The Debtor also owns all of the furniture, fixtures and equipment necessary to operate the 15 movie theatres in the Property, including the movie screens, screen frames,

seating, projection equipment, sound systems, specialty lighting, sound insulation, and concession furniture and equipment, all of which is presently located in the Property.

4. Gresser poured concrete at the Property and allegedly made improvements to the Property for which it has not been paid and which cannot be removed from the Property by the Debtor upon termination of its tenancy. The Debtor concedes that Gresser may prosecute its mechanic's lien claims against the Property in state court but contends prosecution is premature and unnecessary at this time to protect Gresser's interest. Under the terms of the Lease the Debtor is obligated to defend and indemnify the Landlord for claims such as those asserted by Gresser (Lease Section 21 p. 33). This case is less than ninety days old. The Debtor and Landlord have not had sufficient time to determine whether the Property will be a part of a plan of reorganization. If the Lease is amended and assumed then the Debtor must indemnify and defend the Landlord in the pending state court action. If the Lease is rejected then the Debtor will not incur the time or expense to defend the litigation. If the Motion is granted as to Gresser today then the Debtor will be forced to retain counsel and proceed in state court so as to protect its interest under the Lease pending a final determination respecting the Property.

5. The Debtor also opposes modification of the automatic stay to permit Bright Star to pursue any claims in state court. Bright Star is a dealer/distributor of equipment used to operate movie theatres. In this case, the Debtor purchased movie screens and sound equipment including speakers from Bright Star ("Theatre Equipment"). Bright Star invoiced the Debtor and the Debtor made partial payment for the Theatre Equipment. The Debtor with minimal assistance from Bright Star installed the Theatre Equipment in the Property. The Theatre Equipment is property of the estate that can and will be removed from the Property without damage to the Property upon termination of the Debtor's tenancy by agreement or Lease rejection (Lease Section 22(a) p. 35).

6. The Debtor is presently engaged in negotiations with the Landlord respecting modification of the Lease and continued operations or, in the alternative, rejection of the Lease and sale of all of the Debtor's furniture, fixtures and equipment in the property including the Theatre Equipment.

7. Bright Star alleges that the Debtor has no equity in the Property which is true. The Debtor is a tenant with a leasehold interest in the Property. What Bright Star conveniently omitted in its pleadings is that it cannot prevail in a mechanic's lien claim against the Property without a determination by the state court that the Theatre Equipment constitutes an improvement to the Property—a non-removable fixture. The Theatre Equipment is property of the estate. The Debtor's Lease permits the Debtor to remove its property upon termination of its tenancy. The security interests granted by the Debtor to United Community Bank, First Minnesota Bank and United Banker's Bank have been duly perfected and attached to all personal property of the Debtor including the Theatre Equipment upon transfer of title to the Debtor. The Debtor took title to and possession of the Theatre Equipment upon purchase and delivery years ago.

8. This Court, not the state court, must retain jurisdiction over property of the estate and determine the property interest of the Debtor and the relative interest of secured parties and any claimant including Bright Star. The Theatre Equipment is necessary to operate the Debtor's business. In the event the Debtor terminates its tenancy the Theatre equipment together with other personal property in the Property will be removed and sold and the proceeds used to reduce the debt owing secured creditors.

9. If in order to prevail in the state court action Bright Star must necessarily claim and prove that the Theatre Equipment is not property of the estate that can be removed from the

Property by the Debtor upon termination of its tenancy, then Bright Star must first make that claim by adversary proceeding in the debtor's chapter 11 case.

10. There is no cause to modify the stay to permit Bright Star to prosecute an alleged mechanic's lien claim in the state court. Termination of the stay for Gresser is premature and will unnecessarily burden the estate with professional fee costs.

Wherefore, the Debtor respectfully requests that the Motion be denied or, alternatively, continued and set for an evidentiary hearing.

Dated: November 29, 2010

RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/ Michael F. McGrath #168610

4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-8511
Facsimile: (612) 332-8302

ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Bryan Sieve, the Chief Financial Officer of Debtor, declare under penalty of perjury that the facts set forth in the foregoing Response, are true and correct according to the best of my knowledge, information and belief.

Executed on: November 29, 2010

Bryan Sieve

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                        Case No. 10-46834

MIDWEST THEATRES CORPORATION,                                 Chapter 11

    Debtor.

---

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY BROUGHT BY BRIGHT STAR SYSTEMS CORPORATION AND GRESSER COMPANIES, INC.**

---

1. Midwest Theatres Corporation ("Debtor"), by and through its undersigned counsel, submits this memorandum of law in support of its Response in Opposition (the "Response") to the Motion for Relief from the Automatic Stay (the "Motion") in the above-entitled matter.

**Factual Background**

2. The factual background for this memorandum is as set forth in the verified Motion. Capitalized terms not defined herein are defined in the Response and the Motion.

**Introduction**

3. The Debtor leases a cineplex building, the Cineplex Atlantis 15 in Burnsville, Minnesota (the "Property"), under a 20 year lease dated as of November 22, 2006, as amended by that certain Amended and Restated Lease Agreement dated as of December 28, 2006, as further amended by that certain First Lease Amendment dated as of April 24, 2008, as further amended by that Second Lease Amendment dated as of December 23, 2008, and as further amended by that certain Side Letter to Lease dated as of January 14, 2010 (the "Lease").

4. The Debtor owns all of the personal property and equipment necessary to operate the Property, including screens, seats, projection equipment, sound systems and concession equipment.

5. The cineplex the Debtor operates on the Property currently constitutes more than 33% of the Debtor's annual revenue.

**The Debtor's Lease in the Property is Part of the Debtor's Bankruptcy Estate**

6. When the Debtor filed its petition, an estate was created which consists of the various categories of property interests listed in section 541(a). As the Movants point out, the property interests in the bankruptcy estate include the Debtor's legal and equitable interests in property as of the commencement of the case. The Movants fail to recognize however that "Section 541(a)'s scope is broad." *United Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). Courts, commentators, and even Congress have all held that a leasehold interest is property of the debtor's estate: "The debtor's interest in property also includes "title" to property, which is an interest, just as are a possessory interest, or leasehold interest, for example." H.R. No. 595, 95th Cong., 1st Sess. 367-68 (1977); S.R. No. 989, 95th Cong., 2d Sess. 82-83 (1978).

7. Therefore, if a debtor held a leasehold interest at the commencement of the case, that leasehold interest is property of the estate, *In re Mews Assoc., L.P.*, 144 B.R. 867, 870 (Bankr. W.D. Mo. 1992), because the leasehold interest becomes part of the debtor's bankruptcy estate upon the filing of the petition. *In re Lowry*, 25 B.R. 52, 54 (Bankr. E.D. Mo. 1982). Therefore, it is clear that the Debtor's leasehold interest in the Property is property of the estate. But even if this legal maxim was unclear, a Dakota County District Court is not the proper place to determine whether the Debtor's leasehold is or is not property of the Debtor's bankruptcy estate.

### The Debtor has Equity in the Leased Property

8. The Movants argue that the Debtor has no equity in the property. However, "[a] lease may be a valuable property right whose equity may be sold pursuant to 11 U.S.C. § 365, providing the basis for a dividend to creditors or a source of working capital for a reorganizing debtor." *In re Comcoach Corp.*, 19 B.R. 231, 233 (Bankr. S.D.N.Y. 1982). In this case the lease for the Property is a valuable asset to the Debtor's bankruptcy estate, an asset that could be sold to an interested party who wants to buy the equipment owned by the debtor, providing more capital for the Debtor's reorganization. The Debtor's operations at the Property comprise approximately 33% of the Debtor's annual revenue; that revenue may be necessary for the Debtor's successful reorganization.

   a) "Bankruptcy courts, construing section 362, have held that it precludes foreclosure of property when a debtor has a "leasehold" or "possessory" interest in the property and the debt sought to be satisfied out of the property is that of the debtor. *Valley Transit Mix, Inc. v. Miller*, 928 F.2d 354, 356 (10th Cir. 1991) (citing *In re Pioneer Valley Indoor Tennis Center, Inc.*, 20 Bankr. 884, 885 (Bankr. D. Mass. 1982); *In re Barksdale*, 15 Bankr. 731, 732 (Bankr. W.D. Va. 1981)). In this case, the Debtor has a leasehold interest in the property and the debt sought to be satisfied out of the property is that of the Debtor. Therefore, section 362 of the Bankruptcy Code precludes the Movants' foreclosure action until after the automatic stay has been lifted. Termination of the stay ninety days into this case is premature and will impose a burden on the Debtor and its estate because the debtor has an obligation under the Lease to defend such claims. This is

no time to force the debtor to defend collection actions in state court. The Movants cite to *In re Embassy Enter. of St. Cloud* to support their arguments that they may obtain relief from the automatic stay to foreclose a mortgage. 125 B.R. 552, (Bankr. D. Minn. 1991). The facts of that case are readily distinguishable from this one. That case involved a mortgage, not mechanic's lien claimants who want a state court trial on the merits of their claims. Moreover, the debtor in *In re Embassy* was not even engaged in business, it was only preparing to do business as a hotel. *In re Embassy*, 125 B.R. at 553.

9. The Movants cite to *In re Colonial Center, Inc.*, for the following quote: "if there is no equity in the collateral . . . a court should . . . allow the secured creditor to exercise its non-bankruptcy law right to foreclose . . . ." 156 B.R. 452, 459 (Bankr. E.D. Penn. 1993). However as discussed above the Debtor does have equity in the property. Moreover, the Movants are not secured creditors, they are not even lien creditors.

10. The Movants state that the holding of *In re Colonial* was demonstrated by *In re Punlab Quality Products, Ltd.*, a case that the Movants argue had similar facts to this case. 210 B.R. 723 (Bankr. S.D. Tex. 1996). However, in *In re Punlab*, the creditor had already foreclosed before the debtor filed its petition in bankruptcy, making that creditor a lien creditor. Moreover, the debtor in that case owned the property through another entity, had stopped paying rent and taxes on the property, which had little value, and was found to be filing its bankruptcy petition in bad faith. The *In re Colonial* and *In re Punlab* cases are factually distinguishable and inapplicable to this case.

**Relief from the Stay Will Affect Property Necessary to the Debtor's Reorganization**

11. The Movants argue that granting them relief from the stay will be best for all parties. This is incorrect for two reasons. First, it is an unsubstantiated assertion which does not

meet the Movants burden of proof to show that the Debtor has no equity in the affected property the lease or the Theatre Equipment. *In re Tri-Growth Centre City, Ltd.*, 136 B.R. 848, 850 (Bankr. S.D. Cal. 1992). Second, termination of the stay will force the debtor to incur unnecessary time and expense to defend a state court collection action in order to preserve its rights under the lease and section 365 of the Code.

12. The Movants lawsuit in the Dakota County District Court does not merely seek foreclosure under the Mechanic's lien statute. The Movants are seeking a judgment for damages and claim to be seeking relief from the stay "for the limited purpose of resuming their mechanic's lien foreclosure lawsuit in Dakota County District Court." (Bright Star Mot. p. 1.) The Movants also claim that only the fee interest in the property will be affected by the mechanic's lien foreclosure. (Bright Star Mot. p. 5.) Indeed, the Movants have stated in a footnote that it is not currently seeking the stay to be lifted for the contract claims against the Debtor. (Bright Star Mot. p. 3. n.3.) But notably absent from the Movants' "limited" request for relief is any notion of dismissing actions against the Debtor, the removal of the equitable claims the Movants are pursuing against the Debtor and , most importantly, assurance that Movants will not seek a state court determination that the Theatre Equipment is a non-removable fixture rather than a trade fixture to be removed by the debtor upon termination of the Lease

13. The Movants argue that granting their relief from the automatic stay will not cause a burden on the Debtor because the Debtor "should be" ready for trial. But the Debtor is not ready for trial. Not only will the Debtor incur the costs of its own litigation, the Debtor will also have to, according to the Lease, indemnify and defend the landlord who holds fee title in this case. (Lease at 34, 46). The funds used to deal with such litigation will come from the Debtor's own coffers; that money represents property of the estate that is affected by the

Movants' actions and that is necessary for an effective reorganization. Such a burden should not be placed on the Debtor at this early stage of the case.

14. The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops *all collection efforts*, all harassment, *and all foreclosure actions*. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978) (emphasis added). The Movants can hold off a short period of time to allow the automatic stay under the Bankruptcy Code to allow the Debtor "one of the fundamental protections provided by the bankruptcy laws."

## **CONCLUSION**

The Debtor respectfully requests that this Court deny the Movants' requested relief from the automatic stay.

Dated: November 29, 2010  RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By /e/ Michael F. McGrath #168610
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-8511
Facsimile: (612) 332-8302

ATTORNEYS FOR DEBTOR

6

## VERIFICATION

I, Bryan Sieve, the Chief Financial Officer of Debtor, declare under penalty of perjury that the facts set forth in the foregoing Memorandum of Law, are true and correct according to the best of my knowledge, information and belief.

Executed on: November 29, 2010

Bryan Sieve

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  Case No. 10-46834

MIDWEST THEATRES CORPORATION,  Chapter 11

    Debtor.

## UNSWORN CERTIFICATE OF SERVICE

    I, Michael F. McGrath, declare under penalty of perjury that on November 29, 2010, I served copies of the attached:

1. Debtor's Response in Opposition to the Motion for Relief from the Automatic Stay brought by Bright Star Systems Corporation and Gresser Companies, Inc.; and

2. Debtor's Memorandum of Law in Opposition to the Motion for Relief from the Automatic Stay brought by Bright Star Systems Corporation and Gresser Companies, Inc.;

by sending to each party a copy thereof as noted on the attached Service List.

Executed on: November 29, 2010      /e/ Michael F. McGrath, #168610

ELECTRONIC
MIDWEST THEATRES CORPORATION
4300 O'DAY AVENUE NE
ST. MICHAEL, MN 55376

ELECTRONIC
SARAH J. WENCIL
OFFICE OF US TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

ELECTRONIC
MICHAEL RIDGWAY, ESQ.
OFFICE OF US TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

IRS DISTRICT COUNSEL
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
380 JACKSON STREET, SUITE 650
ST. PAUL, MN 55101-4804

INTERNAL REVENUE SERVICE
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
WELLS FARGO PLACE
30 E. SEVENTH STREET
MAIL STOP 5700
ST. PAUL, MN 55101

MN DEPARTMENT OF REVENUE
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
COLLECTION ENFORCEMENT
551 BANKRUPTCY SECTION
PO BOX 64447
ST. PAUL, MN 55164

US ATTORNEY
ATTN: OFFICER OR AGENT AUTHORIZED
TO ACCEPT SERVICE
600 US COURTHOUSE
300 S. FOURTH STREET
MINNEAPOLIS, MN 55415

MINNESOTA DEPARTMENT OF REVENUE
C/O SALES & USE TAX PROCESSING
PO BOX 64622
ST. PAUL, MN 55164-0622

COMMITTEE - ELECTRONIC
CHATEAU THEATERS, INC.
ATTN: MARK L. STEEGE
221 - 1ST AVENUE SW, SUITE 300
ROCHESTER, MN 55902

COMMITTEE - ELECTRONIC
MN THEATERS 2006, LLC-iSTAR FINANCIAL
1114 AVENUE OF THE AMERICAS, 38TH FL.
NEW YORK, NY 10036

COMMITTEE
CREDITORS OF CLARK PRODUCTS
5750 OLD ORCHARD ROAD, SUITE 520
SKOKIE, IL 60077

ELECTRONIC
BRIAN M. GRAHAM, ESQ.
PEDERSEN & HOUPT
161 NORTH CLARK STREET, SUITE 3100
CHICAGO, IL 60601

ELECTRONIC
LARRY B. RICKE, ESQ.
RICKE & SWEENEY, P.A.
SUITE 600, DEGREE OF HONOR BUILDING
325 CEDAR STREET
ST. PAUL, MN 55101

ELECTRONIC
UNITED BANKERS' BANK
C/O ANDREW P. MORATZKA, ESQ.
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T TOWER
901 MARQUETTE AVENUE
MINNEAPOLIS, MN 55402

ELECTRONIC
FIRST MINNESOTA BANK
C/O KAARIN K. FOEDE, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

ELECTRONIC
FIRST MINNESOTA BANK
C/O R. LAWRENCE HARRIS, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

ELECTRONIC
FIRST MINNESOTA BANK
C/O THOMAS W. LARKIN, ESQ.
MELCHERT HUBERT SJODIN, PLLP
121 WEST MAIN STREET, SUITE 200
WACONIA, MN 55387

NORTH SHORE BANK
15700W. BLUEMOUND ROAD
BROOKFIELD, WI 53005

ELECTRONIC
DENNIS M. RYAN, ESQ.
FAEGRE & BENSON, LLP
90 S. SEVENTH STREET, SUITE 2200
MINNEAPOLIS, MN 55402-3901

ELECTRONIC
THE BUSINESS BANK - UNITED COMMUNITY BANK
C/O JOSEPH W. LAWVER, ESQ.
MESSERLI & KRAMER PA
150 S. FIFTH STREET   STE 1800
MINNEAPOLIS, MN 55402

ELECTRONIC
CITIZENS STATE BANK
C/O T. CHRIS STEWART, ESQ.
ANASTASI & ASSOCIATES, P.A.
14985 60th STREET NORTH
STILLWATER, MN 55082

ELECTRONIC
CITY OF ST. PETER
ATTN: TODD PRAFKE, CITY ADMINISTRATOR
227 S. FRONT STREET
ST. PETER, MN 56082-2513

ELECTRONIC
NICOLLET COUNTY BANK
C/O MICHAEL K. RILEY, ESQ.
MACKENZIE & GUSTAFSON, LTD.
326 MINNESOTA AVENUE S.
PO BOX 360
ST. PETER, MN 56082-0360

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
ATTN: BARCLAY JONES
1114 AVENUE OF THE AMERICAS, 38TH FLOOR
NEW YORK, NY 10036

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
C/O MARK J. KALLA, ESQ.
DORSEY & WHITNEY, LLP
50 S. SIXTH STREET, SUITE 1500
MINNEAPOLIS, MN 55402

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
C/O DAVID FAITH, ESQ.
DORSEY & WHITNEY, LLP
50 S. SIXTH STREET, SUITE 1500
MINNEAPOLIS, MN 55402

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
C/O GREGORY P. L. PIERCE, ESQ.
KATTEN MUCHIN ROSENMAN LLP
525 WEST MONROE STREET, SUITE 1900
CHICAGO, IL 60661-3693

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
C/O JOHN SIEGER, ESQ.
KATTEN MUCHIN ROSENMAN LLP
525 WEST MONROE STREET, SUITE 1900
CHICAGO, IL 60661-3693

ELECTRONIC
MN THEATERS 2006, LLC-ISTAR FINANCIAL INC.
C/O PAIGE BARR, ESQ.
KATTEN MUCHIN ROSENMAN LLP
525 WEST MONROE STREET, SUITE 1900
CHICAGO, IL 60661-3693

ELECTRONIC
COLE CN ROCHESTER MN, LLC
ATTN: MARK SELMAN
2555 CAMBELBACK ROAD, SUITE 400
PHOENIX, AZ 85016

ELECTRONIC
JEFFREY WEGNER, ESQ.
KUTAK ROCK LLP
THE OMAHA BUILDING
1650 FARNAM STREET
OMAHA, NE 68102-2186

ELECTRONIC
MOBILILARIO S.A. de C.V.
ATTN: OSVALDO ESCALANTE
CALLE DEL SOL NO. 3
SAN RAFAEL CHAMAPA
NAUCALPAN 53660

ELECTRONIC
STEVEN A. NERGER, ASSIGNEE FOR THE BENEFIT
OF CREDITORS OF CLARK PRODUCTS, INC.
AND CLARK FOODSERVICE, INC.
C/O DAVID C. GUSTMAN, ESQ./DEVON J. EGGERT
311 S. WACKER DRIVE, SUITE 3000
CHICAGO, IL 60606

ELECTRONIC
WARNER BROTHERS PICTURES
ATTN: RALPH ALBI
15821 VENTURA BLVD., SUITE 575
ENCINO, CA 91436

ELECTRONIC
BUENA VISTA PICTURES
ATTN: JEFF PRILL
WALT DISNEY STUDIOS MOTION PICTURES
500 SOUTH BUENA VISTA STREET
BURBANK, CA 91521-6170

ELECTRONIC
UNIVERSAL FILM EXCHANGES, INC.
C/O MARSHA A. HOUSTON, ESQ.
REED SMITH LLP
355 S. GRAND AVENUE, SUITE 2900
LOS ANGELES, CA 90071-1514

ELECTRONIC
BOELTER PRODUCTS, INC.
ATTN: ANDY AHRENS
N22 W23685 RIDGEVIEW PKWY
WEST WAULESHA, WI 53188-1013

ELECTRONIC
SONY ENTERTAINMENT, INC.
ATTN: ELLEN MANDEL / SHERRY PEJHAN /
KATHLEEN HALLINAN
10202 W. WASHINGTON BLVD.
CULVER SITY, CA 90232

ELECTRONIC
PARAMOUNT PICTURES
ATTN: PAUL SPRINGER, SR VP & GENERAL COUNSEL
5555 MELROSE AVENUE
HOLLYWOOD, CA 90038

ELECTRONIC
PARAMOUNT PICTURES
C/O DAVID A. FIDLER, ESQ.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FL
LOS ANGELES, CA 90067-6049

ELECTRONIC
LIONSGATE ENTERTAINMENT
ATTN: ELLISSA FEDEROFF
75 ROCKEFELLER PLAZA, 16TH FL
NEW YORK, NY 10019

ELECTRONIC
TWENTIETH CENTURY FOX FILM CORPORATION
ATTN: RANDY KENDER, ESQ.
1211 AVENUE OF THE AMERICAS, 16TH FL.
NEW YORK, NY 10036

ELECTRONIC
LAMBERT COMMERCIAL CONSTRUCTION
ATTN: STEVEN LAMBERT
14001 BURNHAVEN DRIVE
BURNSVILLE, MN 55306

ELECTRONIC
FRANKLIN DESIGNS, INC.
ATTN: REGINA SHIPMAN
208 INDUSTRIAL DRIVE
RIDGELAND, MS 39157

ELECTRONIC
TECHNICOLOR CREATIVE SERVICES
ATTN: TOM BRACKEN
6040 SUNSET BLVD.
LOS ANGELES, CA 90028

ELECTRONIC
JOHN B. BROWNSON, PRESIDENT
UNIQUESCREEN MEDIA, INC.
314 - 10TH AVENUE SOUTH, SUITE 160
WAITE PARK, MN 56387

ELECTRONIC
BRIGHT STAR SYSTEMS & GRESSER COMPANIES
C/O GREGORY T. SPAL, ESQ.J/JESSE R. ORMAN, ESQ./
JEFFREY A. WIELAND, ESQ.
FABYANSKE, WESTRA, HART & THOMSON, P.A.
800 LASALLE AVENUE, SUITE 1900
MINNEAPOLIS, MN 55402

November 29, 2010